# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ENSHELLA BATTLE,

    Plaintiff,

v.

BRIDGEPOINT EDUCATION, INC., d/b/a ASHFORD UNIVERSITY, LLC,

    Defendant.

No. 16 CV 9513

Judge Manish S. Shah

## ORDER

Defendant's partial motion to dismiss, [12], is granted.

## STATEMENT

Plaintiff Enshella Battle brings an action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq.*, against defendant Bridgepoint Education for repeatedly calling her cell phone to solicit her to take classes through Ashford University. [1] ¶¶ 1, 6, 14, 18.* Defendant moves to dismiss Battle's ICFA claim.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The court must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but the court need not accept legal conclusions or conclusory allegations. *Virnich v. Vorwald*, 664 F.3d 206, 212 (2011) (citation omitted).

The ICFA is a remedial statue that is "intended to protect consumers, borrowers and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Cripe v. Leiter*, 184 Ill.2d 185, 191 (1998). To state a claim under the ICFA, Battle must allege the following elements: a deceptive act or practice by the defendant; the defendant's intent that the plaintiff

---

* Bracketed numbers refer to entries on the district court docket.

rely on the deception or unfairness; and that the deception or unfairness occurred in the course of conduct involving trade or commerce. *Id.*

A course of conduct is deceptive or unfair if it: (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and (3) causes substantial injury to consumers. *Robinson v. Toyota Motor Credit Corp.,* 201 Ill.2d 403, 418 (2002). All three criteria do not need to be satisfied; a practice can be deceptive or unfair if it overwhelmingly meets one of the criteria or if it satisfies all three criteria to a lesser degree. *Id.* (quotation omitted).

Battle says Ashford began calling her in June 2016 to solicit her to take classes. [1] ¶¶ 9, 14. After she told a representative at Ashford she was not interested in taking classes and to stop calling her, Ashford called her at least twelve additional times. [1] ¶¶ 15, 18. Under Illinois law, conduct offends "public policy" as it is established by statutes, common law, or "within the penumbra of some established concept of unfairness." *Ekl v. Knecht*, 223 Ill.App.3d 234, 242 (1991) (citations omitted). Assuming the allegations in Battle's complaint are true, defendant's conduct violated the Illinois Telephone Solicitations Act, *see* 815 ILCS 413/25, and the TCPA, *see* 47 U.S.C. § 227(b)(1)(A). Therefore, the public policy factor weighs in Battle's favor.

Despite Battle's repeated demands that Ashford stop calling her, Battle continued to receive phone calls; she would answer the phone and hear several seconds of silence before a live Ashford representative would begin speaking to her. [1] ¶¶ 16, 17, 19. Battle believed Ashford was using an automatic telephone dialing service to call her, when it did not have permission to do so. [1] ¶ 37. Battle purchased an application on her cell phone to block defendant's calls and she switched cell phone providers. [1] ¶¶ 21, 22. Conduct is oppressive when it leaves the consumer with few alternatives beyond submitting to the practice. *Robinson*, 201 Ill.2d at 418. Even viewing the facts in Battle's favor, the oppressiveness of defendant's conduct here is slight; Battle pleads in her complaint that she avoided the calls with relative ease by downloading an application and switching providers—steps that are not particularly burdensome or indicative of oppression.

Battle says Ashford's calls caused her to suffer charges and expenses that she otherwise would not have incurred. [1] ¶ 24. Her economic loss took the form of purchasing an application to block Ashford's calls, changing cell phone providers, and loss of cell phone capacity. [1] ¶¶ 21, 22, 24. These allegations sufficiently suggest calculable, economic injuries. *See Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill.App.3d 399, 402 (1st Dist. 2009). The complaint also includes an allegation about how Ashford's practice increased Battle's stress level, [1] ¶ 25, which is actionable under the ICFA so long as actual economic damages are also plausibly

alleged. *Morris*, 392 Ill.App.3d at 402. But even crediting Battle's feelings of frustration, these injuries were far from substantial; they were mild inconveniences.

Although the public policy factor weighs in Battle's favor, defendant's conduct was not significantly immoral, unethical, oppressive, or unscrupulous, and amounted to little more than a nuisance to Battle. On balance, Battle's complaint does not state a claim against defendant under the ICFA. The motion to dismiss, [12], is granted.

ENTER:

Date: 2/27/2017

Manish S. Shah
U.S. District Judge